UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BREONA REENAE FIORETTI,

                         Plaintiff,

        -v-

ANDREW SAUL,
Commissioner of Social Security,

                         Defendant.

_____

19-CV-248-MJR
DECISION AND ORDER

        Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States

Magistrate Judge conduct all proceedings in this case.  (Dkt. No. 15).

        Plaintiff Breona Reenae Fioretti brings this action pursuant to 42 U.S.C. §§405(g)

and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social

Security finding her ineligible for Supplemental Security Income ("SSI") under the Social

Security Act (the "Act").  Both parties have moved for judgment on the pleadings pursuant

to Rule 12(c) of the Federal Rules of Civil Procedure.  For the following reasons, Plaintiff's

motion (Dkt. No. 8) is granted, the Commissioner's motion (Dkt. No. 13) is denied, and

the case is remanded.

## BACKGROUND[1]

        Plaintiff protectively filed an application for SSI on June 3, 2015, alleging a

disability as of January 1, 2012, due to Type 1 diabetes, bipolar depression, mental

issues, headaches, and numbness in feet and hands.  (Tr. 135-140, 188).[2]  Her claim

_____

[1] The Court assumes the parties' familiarity with the record in this case.
[2] References to "Tr." are to the administrative record in this case.

was initially denied on September 1, 2015.  (Tr. 78-83).  On October 1, 2015, Plaintiff filed a timely written request for a hearing.  (Tr. 86).

On December 18, 2017, a hearing was conducted by Administrative Law Judge ("ALJ") Michael W. Devlin, in Buffalo, New York.  (Tr. 34-64).  Plaintiff appeared, along with her attorney.  A vocational expert also appeared.

On April 2, 2018, the ALJ issued a decision finding Plaintiff not disabled.  (Tr. 12-33).  That decision became final when on December 28, 2018, the Appeals Council denied her request for review.  (Tr. 1-6).  This action followed.

## DISCUSSION

I.    *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential.  Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).  "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014).  "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).  Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the

conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.    *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy

exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in

Appendix 1.  *Id.* §§404.1520(d), 416.920(d).  If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience.  *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five.  Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record.  *Id.* §§404.1520(e), 416.920(e).  RFC "is the most [the claimant] can still do despite [his or her] limitations."  *Id.* §§404.1545(a)(1), 416.945(a)(1).  The Commissioner's assessment of the claimant's RFC is then applied at steps four and five.  At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work."  *Id.* §§404.1520(f), 416.920(f).  If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act.  *Id.* §§404.1520(f), 416.920(f).  Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work."  *Id.* §§404.1520(g)(1), 416.920(g)(1).  If the claimant can adjust to other work, he or she is not disabled.  *Id.* §§404.1520(g)(1), 416.920(g)(1).  If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act.  *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.    *The ALJ's Decision*

Under step one, the ALJ found that Plaintiff has not engaged in substantial activity since the application date.[3]  (Tr. 17).  At step two, the ALJ concluded that Plaintiff has the following severe impairments: asthma; diabetes Type I; obesity; bipolar disorder; posttraumatic stress disorder; alcohol use disorder; cocaine use disorder; and cannabis use disorder.  (Tr. 17-18).  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (Tr. 18-20).  Before proceeding to step four, the ALJ assessed Plaintiff's RFC, in pertinent part, as follows:

> [T]he claimant has the residual functional capacity to perform light work . . . since the claimant could occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk 6 hours in an 8 hour day; sit about 6 hours in an 8 hour day; occasionally push and/or pull 20 pounds, except never climb ladders, ropes or scaffolds; never work at unprotected heights or near moving machinery; avoid exposure to fumes, odors, dusts, gases, poor ventilation and other respiratory irritants; understand, remember, and carry out simple instructions and tasks; frequently interact with co-workers and supervisors; occasional contact with the general public; able to work in a low stress environment (i.e. no supervisory duties, no independent decision-making required, no strict production quotas, minimal changes in work routine and processes, etc.); and able to consistently maintain concentration and focus for up to two hours at a time.

---

[3] There is some confusion as to the date the SSI application was actually filed.  The ALJ and the parties state it was filed on April 8, 2015.  The initial denial also states that the filing date was April 8, 2015.  (Tr. 77).  However, the application in the file states that it was filed on June 3, 2015.  (Tr. 134-140).

(Tr. 20-21).   Proceeding to step four, the ALJ found that Plaintiff has no past relevant work.  (Tr. 26).  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform, such as Marker, Laundry Sorter, and Checker.  (Tr. 27). Accordingly, the ALJ concluded that Plaintiff is not disabled under the Act.  (Tr. 28).

IV.   _Plaintiff's Challenges_

Plaintiff argues, _inter alia_, that this case must be remanded because when determining Plaintiff's physical RFC, the ALJ did not rely on any medical opinion evidence, but instead relied on his own lay opinion based on the raw medical data.  The Court agrees.

It is well established that an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and thus an ALJ's determination of RFC without medical opinion authority is not supported by substantial evidence.  _Zayas v. Colvin_, 15-cv-6312-FPG, 2016 U.S. Dist. LEXIS 58134, at *11 (W.D.N.Y. May 2, 2016).   Only in rare circumstances, particularly where the "medical evidence shows relatively minor physical impairment," can an ALJ permissibly "render a common sense judgment" about functional capacity even without a physician's assessment.  _Gross v. Astrue_, 12-cv-6207-MWP, 2014 U.S. Dist. LEXIS 63251 at *51 W.D.N.Y. May 7, 2014) (internal quotations and citations omitted); see also _Kain v. Colvin_, 14-cv-650-WMS, 2017 U.S. Dist. LEXIS 73595, at *8 (W.D.N.Y. May 14, 2017) (when the record contains medical findings merely diagnosing the claimant's impairments without relating that diagnosis to functional capabilities, the "general rule is that the Commissioner 'may not make the connection himself.'") (citations omitted).

In the absence of supporting expert medical opinion, the ALJ should not engage in his own evaluations of the medical findings. *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998).   Although an ALJ has "considerable and constant exposure to medical evidence," he is not free to make inferences or diagnoses which are not advanced in the medical record. *Glover v. Astrue*, 08-cv-218-MAT, 2010 U.S. Dist. LEXIS 25533, at *11 (W.D.N.Y. Mar. 18, 2010) (citing *Curry v. Apfel*, 209 F.3d 117, 123 (2nd Cir. 2000)).

Here, the ALJ found at step two that the Plaintiff has the severe impairment of Type I diabetes.   The only medical opinion evidence in the record regarding Plaintiff's diabetes is that of consultative internal medicine examiner, Dr. Donna Miller, D.O. However, the ALJ gave Dr. Miller's opinion only "some weight," because she did not "adequately consider the effects of the claimant's diabetes mellitus type I." (Tr. 26).   In other words, Dr. Miller did not opine on any limitations Plaintiff might have due to her diabetes.  Instead of obtaining another medical opinion regarding Plaintiff's limitations, the ALJ relied on his own interpretation of the raw medical data to determine Plaintiff's RFC.  Specifically, he determined that the Plaintiff could perform light work with a few exceptions.  Although the ALJ recounted Plaintiff's treatment notes and summarized the medical record, he failed to tether this evidence to the physical demands of light work, which constitutes error and frustrates any meaningful review of his determination. *Caswell v. Berryhill*, No. 17-CV-6133-FPG, 2018 WL 4404578, at *5 (W.D.N.Y. Sept. 17, 2018); *Palascak v. Colvin*, No. 1:11-CV-592 MAT, 2014 WL 1920510, at *8-10 (W.D.N.Y. 2014).   In other words, there is no way for the Court to know specifically how or why the ALJ arrived at this RFC determination, as it is based upon his own lay

opinion rather than an opinion from a trained medical professional. The ALJ was not qualified to take bare medical findings and equate them to any functional limitations.

Further, this is not a case in which Plaintiff had only minor impairments such that the ALJ "was within [his] discretion to make a 'common sense judgment' concerning [Plaintiff's] limitations, and no medical opinion evidence was necessary." *Lilley v. Berryhill*, 307 F.Supp.3d 157, 161 (W.D.N.Y. 2018). "It was necessary for the ALJ to rely upon a medical source's opinion in considering the limitations, if any, associated with this impairment." See *Perkins v. Berryhill*, No. 17-CV-6327-FPG, 2018 WL 3372964, at *4 (W.D.N.Y. July 11, 2018) (ALJ cannot render a common-sense judgment about a claimant's functional capacity where the record "contain[s] complex medical findings and do[es] not suggest only minor impairment).

In sum, the Court finds that when determining Plaintiff's physical RFC, the ALJ did not rely on any medical opinion evidence, but instead relied on his own lay opinion based on the raw medical data. This was error and requires remand.[4]

---

[4] Plaintiff also argues that remand is required because: (1) when determining the mental RFC, the ALJ erred by not relying on any medical opinion evidence; and (2) the ALJ erred by failing to assess properly Plaintiff's credibility. Because the case is being remanded anyway, the Commissioner should also consider these arguments on remand.

## CONCLUSION

For the reasons stated, Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is granted, the Commissioner's motion for judgment on the pleadings (Dkt. No. 13) is denied, and this case is remanded for further administrative proceedings consistent with this Decision and Order.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:      June 8, 2020
            Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge